THE PEOPLE, ex rel. JOHN FLANAGAN, Appellant, *v.* THE BOARD OF POLICE COMMISSIONERS OF THE POLICE DEPART-MENT OF THE CITY OF NEW YORK, Respondent.

Upon a writ of *certiorari* brought to review proceedings of the board of police commissioners of the city of New York, in dismissing a member of the police force, only errors of law materially affecting the rights of the party may be corrected.

If there was evidence to sustain the charge, sufficient so that the verdict of a jury finding the facts would not be set aside as against the weight of evidence, the decision of the board may not be reviewed here.

Said board is also vested to some extent with a discretionary power which authorizes it, within established rules, to take action without the restriction of strict legal rules governing trials in courts of law.

It is a subordinate and administrative tribunal vested with disciplinary

powers, and not a court limited in its functions by the constitutional provisions governing courts. (State Const, art. 1, § 6.)

Upon *certiorari* to review such proceedings, it appeared that a captain of police made a complaint against the relator, and that the captain and a roundsman united in the charge. *Held*, that under the rules and regulations of the department it was not necessary that the charge should be sworn to.

The charge was that the relator was guilty of a neglect of duty, in that he was absent from his post and in a liquor store playing cards during his turn of patrol duty. The rules of the board (rule 332) forbid patrolmen, when on duty, from entering any house or leaving their position " except in the discharge of police duty." It was objected that the charge did not negative this exception. *Held* untenable; also that as the objection was not raised on the trial, in any view, it was not available here.

The evidence was taken before one of the commissioners as authorized by the rules (Rule 131); the relator had notice and attended before the commissioner. The board then publicly heard the proofs and allegations, the relator appearing and being heard in his defense. *Held*, that the rule was fully authorized by the city charter (§ 41, chap. 335, Laws 1873), and that the proceedings were proper and valid.

(Argued June 13, 1883; decided June 29, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, made the first Monday of March, 1881, which affirmed the decision and proceedings of defendant . dismissing and removing the relator from the police force of the city of New York, which proceedings were brought up for review by *certiorari*.

The material facts are stated in the opinion.

*Ambrose H. Purdy* for appellant. The common-law *certiorari* brings up the question whether there was any evidence to warrant the conviction ; in such cases the evidence must appear upon the face of the record, or the conviction will be quashed. (*Mullins, Jr.,* v. *People*, 24 N. Y. 399; *People, ex rel. Haines,* v. *Smith,* 45 id. 772; *People, ex rel. Cook,* v. *Police B'd,* 39 id. 506 ; *People* v. *B'd of Assessors,* id. 81 ; *People, ex rel. Byrnes,* v. *Police B'd,* First Department, 1880.) A public examination by the board is a prerequisite to removal. (Laws of 1873, chap. 335, §§ 41–55 ; *People, ex rel. Miller,* v.

*Board,* 67 N. Y. 475; *People, ex rel. Gambling,* v. *Board,* 6 Abb. 162, 165; *In re Murdock,* 7 Pick. 303, 330; *People, ex rel. Siebert,* v. *Police Comm'rs,* 20 Hun, 337.) Less than all the members of the court cannot act in criminal proceedings. (*People, ex rel. Shea,* v. *Board,* 9 Hun, 222; *Humber* v. *People,* 49 N. Y. 132; *In re Devine,* 21 How. 80; *Rex* v. *Forrest,* 3 D. & E. 38.) While in respect to the ministerial functions of the board it may be that the commissioners need not meet and act together, yet, as to the judicial functions, they must meet and act together. (*Rex* v. *Forrest,* 3 D. & E. 38; *Billings* v. *Prinn,* Sir Wm. Bl. [2d ed.] 1017, and note *g; Rex* v. *Coln,* St. Albans Bun. Sett. Cases, 137; *Rex* v. *Great Marlow,* 2 East, 244; *Rex* v. *Hamstall Ridware,* 3 T. R. 380.)

*D. J. Dean* for respondent. With respect to these proceedings the commissioners are a subordinate, administrative tribunal for disciplinary purposes, with specified powers and functions, and are not a " court " within the meaning of article 1 of section 6 of the State Constitution. (*People, ex rel. Farrell,* v. *B'd of Comm'rs,* 20 Hun, 402; *Matter of Smith,* 10 Wend. 449; *People, ex rel. Thatcher,* v. *N. Y. Com. Asso'n,* 18 Abb. 271; *Leggett* v. *Hunter,* 19 N. Y. 445, 463; *B'k of Chenango* v. *Brown,* 26 id. 467; *Cathcart* v. *Fire Dep't,* id. 529, 533; *Matter of Smith,* 10 Wend. 449, 458; Dillon on Mun. Corp., §§ 179, 180, 181; *State* v. *Bryce,* 7 Ohio, 82; *State* v. *Trustees, etc.,* 5 Ind. 87, 89; *People* v. *Bearfield,* 35 Barb. 254; *City of Madison* v. *Kerbly,* 32 Ind. 74.) The proceedings for the removal of the relator were entirely in accordance with the statutory provisions and rules. (Laws of 1873, chap. 335, § 41, p. 496; § 55, p. 499; Const., art. 1, § 6; *People, ex rel. Garling,* v. *Van Allen,* 55 N. Y. 31; *People, ex rel. Farrell,* v. *B'd of Police Comm'rs,* 20 Hun, 402; *People, ex rel. Gilhooley,* v. *Police Comm'rs,* 23 id. 351.) The conviction was warranted by the testimony and was not against the weight of evidence. (*People, ex rel. Cook,* v. *B'd of Police,* 39 N. Y. 506, 512, 518; *People, ex rel. Folk,* v. *B'd of*

*Police,* 69 id. 408; *People, ex rel. Campbell,* v. *Campbell,* 82 id. 247; *People, ex rel. Hart,* v. *B'd of Fire Comm'rs.* id. 358.)

MILLER, J. This writ of *certiorari* brings up for review the proceedings of the commissioners of the board of police of the city of New York in dismissing the relator from the police force. The writ was issued upon the ground that the removal was illegal and without jurisdiction. The charge made was that the relator, who was a patrolman, was guilty of a neglect of duty in this, that he was absent from his post and in a liquor store, No. 41 Duane street, sitting on a chair at a table playing cards, at 10:21 P. M., January 20, 1881, during his term of patrol duty. The charge against the relator was made under the regulations of the board of police, and notice thereof and of the time and place of trial was served upon him, which service he duly admitted. He appeared, at the time and place named, before one of the commissioners, and evidence was then taken in pursuance of the rules of the board. At a meeting of the full board, two days afterward, all the commissioners being present, the matter was presented for consideration and the relator was found guilty, and an order was made dismissing him from the police force. The evidence, upon the hearing before the commissioner, is undisputed that the relator was at a place where cards were being played, sitting on a chair, and there was proof by a witness, who was a roundsman, that at this time he, the relator, had cards in his hands, was engaged in playing them, and that he admitted such was the fact. This last testimony was contradicted by the relator. As the proof stood it cannot be denied that there was some evidence to sustain the charge alleged against the relator; he was certainly at a place which was not in the line of his duty as a patrolman. It is true he claims that he was there in consequence of a disturbance which took place at the time, but the proof did not show any satisfactory reason why he should be sitting there in the place where he was, or that it was necessary he should be in that position in connection with the discharge of his duty as a patrolman.

Whether he was engaged in handling or playing cards or not was a disputed question of fact, the determination of which depended upon the credit to be given to the statements made upon the investigation before the commissioner, and it was for the full board to decide whether the relator's version was a true one, or whether the witness who testified against him was entitled to be believed. The commissioners, who were acquainted with the relator and with the roundsman who testified in reference to the charge made against him, were better qualified, from their knowledge of the men and from their familiarity with the workings of the department under their control, to determine what credit should be given to the witnesses under the circumstances presented, than any appellate tribunal, and it cannot be said that the conclusion at which they arrived was without evidence to support it, or that it was against the weight of evidence. We think the conclusion should be upheld within the rules laid down in the decisions of this court, unless some rule of law was violated in the conduct of the proceedings.

In *People, ex rel. Folk,* v. *Board of Police, etc.* (69 N. Y. 408), it was held, that only errors of law affecting materially the rights of the parties may be corrected, and the evidence may be examined in order to determine whether there is any competent proof to justify the adjudication made. And in *People, ex rel. Hart,* v. *Board of Fire Commissioners* (82 N. Y. 358), it was decided, that if the tribunal had jurisdiction, and if there was evidence legitimately tending to support its decision and no rule of law was violated, the adjudication is final, etc.

Assuming the rule to be that the facts involved in the determination are satisfactorily supported by the evidence so that the verdict of a jury finding such facts would not be set aside as against the weight of evidence, we are unable to see how it can be claimed that the decision of the commissioners was not justified.

In the disposition of the case by the commissioners it should be borne in mind that the rights of the relator were governed and controlled by statutory provisions and the rules and regu-

lations of the police department made in pursuance thereof, and that while the commissioners have not full power to discharge or dismiss an officer at their own volition and without cause, or without a charge being made and a trial had, yet, in the exercise of their functions, they are to some extent vested with a discretionary power which authorizes them, within established rules, to take action without restricting their proceedings to strict technical rules. They are a subordinate and an administrative tribunal vested with disciplinary powers and not a court limited in its functions, within the provisions of the Constitution. (See State Const., art. 1, § 6.) Their action must be considered, having in view the special powers conferred and the purposes for which their organization was intended and not confined by the application of strict, legal rules which prevail in reference to trials and proceedings in courts of law.

The proceedings of the commissioners are assailed on various grounds which it is insisted affect their jurisdiction in the determination of the charge against the relator. The claim of the appellant's counsel that the charge was made by a roundsman and not sworn to in accordance with the rules of the board is not meritorious. It appears that a captain of police made a complaint against the relator and that both the roundsman and the captain united in the charge. Under the rules and regulations of the police department, as a captain made the charge, it was not necessary that the charge should be sworn to. It is claimed that the charge does not negative the exception contained in rule 332 of the police board for violation of which the relator was charged, tried and convicted, which rule provides that "patrolmen while on police duty must not enter any house or leave their post until regularly relieved except in discharge of police duty. They must constantly patrol their post unless otherwise directed by the rules and regulations;" there was no allegation in the complaint that the relator was not regularly relieved or that he did not leave his post in the discharge of police duty. It does not appear that any such objection was made upon the trial of the relator, nor that the rule and regulations of the department

1883.] PEOPLE, ex rel. FLANAGAN, *v.* B'D POLICE COMM'RS. 103

Opinion of the Court, per MILLER, J.

required any such degree of exactitude. As the board of commissioners do not constitute a court, its proceedings are not to be controlled or decided by the same degree of formality that would be required upon a charge of a criminal offense before ordinary tribunals of justice. A general charge made, such as is here presented, would seem to be sufficient to answer the purpose intended and within the requirement of law under which the proceeding was conducted.

We think the charge, as presented, was clearly sufficient, and as the objection urged was not raised upon the trial it is not available in reviewing the proceeding.

There was no violation of the 131st rule of the department upon the trial before the commissioner. It appears from the record in the case that the board publicly heard the proofs and allegations in support of the charges made ; that the defendant appeared and was heard in the defense, and that the testimony taken was examined by the commissioners. This rule contemplates that the accused may be taken before one of the commissioners and examined, and that the testimony shall be laid before and examined by the several commissioners before judgment thereon. We think that the rule was fully authorized under section 41 of chapter 335 of Laws of 1873, and was not in conflict with the provisions of section 55 of the same act. Nor are we able to see that the rule referred to was not fully complied with ; the board met and acted together and a conviction was had before it as a united body, after full examination and due deliberation. It was not essential that a majority of the board should be present upon the taking of the testimony. The statute, by clothing them with power, under their own by-laws, intended to relieve the board from the necessity of all or a majority of its members being present when testimony in a case like this was being taken. (See § 41, chap. 335, Laws of 1873.)

We have examined the other points which have been urged and find in none of them any ground for interfering with the proceedings of the board of commissioners. We are satisfied the case was fairly heard, the rights of the relator fully pro-

tected, and that no error was committed which would justify a reversal of the proceedings.

The judgment, therefore, should be affirmed.

All concur, except ANDREWS. J.. absent.

Judgment affirmed.