THE PEOPLE, ex rel. JOHN J. McCARTHY, Respondent, *v.* THE BOARD OF COMMISSIONERS OF POLICE OF THE CITY OF NEW YORK, Appellant.

An investigation by the board of police commissioners of the city of New York upon a charge against a patrolman for neglect of duty is not a common-law trial, and the accused may not claim the benefits, incidents and common-law rights pertaining to such a trial.

The rule of the police department, authorizing the evidence upon such a charge to be taken before one of the commissioners, and then laid before and examined by the others before judgment, was within the power of the commissioners to adopt and is valid.

The fact that the commissioner who took the evidence was not a member of the board when the evidence was acted upon and judgment rendered does not affect the validity of the decision ; it is sufficient if the evidence was legally taken, and was submitted to and examined by all the members of the board.

(Argued February 3, 1885 ; decided March 3, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 30, 1882, which reversed a decision of defendant dismissing the relator from the position of patrolman in the police department of the city of New York.

The nature of the proceedings and the material facts are stated in the opinion.

*D. J. Dean.* for appellant. The rule enacted by the police commissioners was proper and the procedure thereunder sufficed. (*People, ex rel. Flanagan*, v. *B'd of Police*, 93 N. Y. 97.) Upon the merits the court will examine the testimony returned, only so far as to see that it tended to prove the charge, and will not undertake to exercise any judgment upon the weight of testimony. (*People* v. *French*, 92 N. Y. 309 ; *People* v. *Fire Commissioners*, 83 id. 360 ; *People* v. *Police Commissioners*, 69 id. 408.) The fact that Commissioner Mac-Lean (before whom the testimony was taken) had ceased to be

a member of the board at the time of the final hearing before the board does not invalidate the judgment. (*People* v. *Collins*, 7 Johns. 549 ; *McInstry* v. *Tanner*, 9 id. 135 ; *People* v. *Cook*, 8 N. Y. 67 ; *People, ex rel. Farrell*, v. *Police Commissioners*, 20 Hun, 402 ; *People, ex rel. Gilhooley*, v. *Same*, 23 id. 351 ; *People, ex rel. Mohr*, v. *B'd Police Commissioners*, 28 id. 241.) The board of police commissioners is not a court, with the meaning of article 1 of section 6 of the State Constitution, and that provision has no application to proceedings before it. (*People, ex rel. Farrell*, v. *Police Commissioners*, 20 Hun, 402 ; *People, ex rel. Flanagan*, v. *Commissioners*, 93 N. Y. 97 ; *Matter of Smith*, 10 Wend. 449 ; *People, ex rel. Thacher*, v. *N. Y. Commercial Association*, 18 Abb. 271 ; *Leggett* v. *Hunter*, 19 N. Y. 445 ; *Bk. of Chenango* v. *Brown*, 26 id. 467 ; *Cathart* v. *Fire Department*, id. 533 ; Dill. on Mun. Corp., §§ 179, 180, 181 ; *State* v. *Bryce*, 7 Ohio [part 2], 82 ; *State* v. *Trustees, etc.*, 5 Ind. 87 ; *People* v. *Bearfield*, 35 Barb. 254 ; *City of Madison* v. *Corbly*, 32 Ind. 74.) The proceedings for the removal of the relator were entirely in accordance with the said statutory provisions and rules. (Laws of 1873, 499, chap. 335, § 55 ; id. 496, § 41.) The manner of examination into the charges is left to the rules and regulations of the board. (*People, ex rel. Miller*, v. *Board*, 67 N. Y. 475.)

*W. J. Curtis* for respondent. No member of the board of police commissioners that participated in the judgment dismissing the relator heard the testimony or saw the witnesses, and its action is, therefore, illegal. (*People, ex rel. Mohr*, v. *B'd of Police*, 27 Hun, 462.) The evidence in the case may be examined by the court upon this appeal. (*People, ex rel. Flanagan*, v. *Police B'd*, 93 N. Y. 97.) As the statement of the witness was flatly contradicted by the relator so far as the record shows, there is nothing in the evidence to destroy the presumption that the officer performed his duty. (*Hartwell* v. *Root*, 19 Johns. 345.)

Earl, J.   On the 25th day of March, 1879, and for some years prior thereto, the relator was a patrolman in the police department of the city of New York.   One of the rules for the government of the police provides as follows : " Patrolmen while on police duty must not enter any house or leave their post until regularly relieved, except in discharge of police duty. They must constantly patrol their post unless otherwise directed by the rules and regulations."   On the day named a charge was presented to the board of police commissioners against the relator for neglect of duty, in that he was off from his post on the preceding night.   He was notified of the charge and was regularly brought to trial thereon, the evidence being taken before Mr. MacLean, one of the commissioners.   Subsequently to the taking of the evidence MacLean went out of office and the evidence was submitted to the four commissioners then in office ; and they after examining the evidence found the relator guilty and dismissed him from the police force, all the commissioners but one voting in favor of the finding.   He then brought his case by *certiorari* to the General Term of the Supreme Court for review, and there the proceedings and findings of the police commissioners were reversed, and he was restored to his position on the police force.   The police commissioners then appealed to this court.

It is not denied that a proper charge was brought against the relator, and that, if the charge was true, he had violated his duty and was liable to be dismissed from the police force on that account.   But it is claimed on his behalf that he was illegally dismissed because MacLean, who took the evidence, was not a member of the board when the evidence was acted upon and the order was made dismissing him from the police force.   It is provided by one of the rules of the police department which the police commissioners had authority to adopt, that the evidence in such cases can be taken before one police commissioner and then laid before and examined by the several commissioners before judgment.   This was not a common-law trial with the incidents and common-law rights pertaining to such a trial, nor, strictly speaking, was it a trial before a court.

It was an investigation required by the statute in such cases to furnish information to the board upon which they can act in disciplining any member of the police force. The punishment may be dismissal, or less severe. The evidence in this case, it is conceded, was legally taken. The case was afterward brought to trial upon the evidence thus taken, before the whole board, to whom the evidence was submitted and by whom it was examined. There is no requirement in the rules that the commissioner who took the evidence should be one of those to act upon it in making the final determination thereon, and there is no important reason that he should be. Confessedly, the findings upon the evidence may be made by the commissioners who did not hear the evidence taken, or see the witnesses. The commissioner who took the evidence, if present at the final hearing, may vote one way and the other commissioners may vote the other. If upon the hearing, the commissioners should be uncertain, or dissatisfied with the evidence taken, they can recall the witnesses or take further evidence. The whole matter remains under their control until a final conclusion upon the evidence. It would be very inconvenient and serve no good purpose if the investigation were required to commence *de novo* every time there is a change in the composition of the board, or if every commissioner who had taken any evidence were required to be present at the final hearing. It is sufficient in this case that the evidence at the time it was taken was legally taken, and that it was submitted to and examined by all the members of the board. (*People* v. *Police Commissioners*, 93 N. Y. 97 ; 23 Hun, 351.)

The only witness produced against the relator was a young girl fourteen years old, whose evidence standing alone, if credited, clearly proved the charge. Her evidence was fully and explicitly denied by the relator under oath. Upon such a state of facts, it is claimed that the commissioners ought not to have found the relator guilty. But the charge in this case was made, the final hearing had and decision rendered, by the commissioners before September, 1880, when section 2140 of the Code of Civil Procedure took effect, and hence it was sufficient to

conclude the General Term, and it is sufficient for this court that the commissioners had some evidence upon which they could base their judgment.

The order of the General Term should, therefore, be reversed, and the proceedings and order of the commissioners affirmed, with costs.

All concur.

Ordered accordingly.