THE PEOPLE OF THE STATE OF NEW YORK EX REL. CHARLES L. ANDERSON, APPELLANT, v. THE POLICE COMMISSIONERS OF THE CITY OF YONKERS, RESPONDENTS.

*Member of police force — what acts justify his dismissal from the force.*

The relator, a policeman of the city of Yonkers, was tried and proven to have falsely stated that one of his associates had been found in bed with another man's wife, and had asked a reporter to publish the statement in the Police Gazette.

*Held,* that the charge was sufficient to call for his dismissal from the force.

CERTIORARI to review the action of the Police Commissioners of the City of Yonkers in dismissing the relator from the police force of the said city, which was organized under chapter 163 of 1873.

The relator was proven to have falsely stated to a reporter of the Police Gazette that another member of the force had been found in bed with another man's wife, and asked him to publish the statement in the paper.

*Ambrose H. Purdy,* for the relator, appellant.

*Joseph F. Daly* and *Matt. H. Ellis,* for the respondents.

BARNARD, P. J.:

There is sufficient proof to establish the charge made against the relator. It is only partially denied. The proceedings were regularly instituted. A charge was formally made and served upon the relator, and he had notice of the hearing before the commissioners and duly attended, and was himself sworn in his own defense. The only question, therefore, for this court to determine is, whether the charge itself was one sufficient to call for the relator's dismissal, if true. The relator was a policeman of the city of Yonkers. He is proven to have falsely stated that one of his associates on the police force was guilty of a grave, immoral act, and one injurious not only to him, but as implicating an associate in guilt with him. The relator, in addition, tried to get the false statement published in a largely circulated newspaper. Such conduct is injurious to the public peace and welfare, and is unbecoming a police officer. By the falsehood

the respect for the police is weakened, and a lack of friendly unity is created in the force itself. There can be no properly disciplined force such as the service demands, if the members are permitted to falsely accuse each other of immoral and disgraceful offenses. The commissioners constituted a tribunal vested with disciplinary powers, and not a court limited in its functions within the provisions of the Constitution. (*People ex rel. Flanagan* v. *Police Comrs.*, 93 N. Y., 97.)

The removal of the relator by the commissioners is, therefore, affirmed, with costs and disbursements.

DYKMAN and CULLEN, JJ., concurred.

Order affirmed, with costs and disbursements.