THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES J. HAYES v. THOMAS CARROLL, as the Commissioner of Police and Excise of the City of Brooklyn.

*Dismissal of members of the police force of Brooklyn — 1873, chapter 863, section 14, title 11, as amended by chapter 457 of 1881.*

*Certiorari* to review the action of the respondent, the Police Commissioner of the City of Brooklyn, in dismissing the relator, a member of the police department of that city, upon a charge of an unprovoked assault upon a citizen while the relator was off duty.

*Held,* that the relator was properly dismissed for a violation of rules of the department, which provided that the policemen should be at all times subject to its rules, and prohibited any policeman from willfully abusing or ill-treating a citizen.

Certiorari to review the action of the respondent in removing the relator from the position of patrolman in the police department of the city of Brooklyn.

The charge was misconduct. The specification of the charge alleged that on the 29th day of January, 1886, the relator assaulted one Robert Cullen. The evidence on the trial was conflicting, Cullen claiming that the assault was unjustifiable and the relator alleging that he struck Cullen in self-defense. It is conceded that the alleged assault was committed on the relator's day off; that he was not in uniform. It is claimed on the relator's behalf that he was not amenable to the respondent for his conduct when off duty.

*Edward F. O'Dwyer*, for the relator.

*F. A. McCloskey*, for the respondent.

Barnard, P. J.:

The relator was a member of the police department of the city of Brooklyn. The respondent is the police commissioner and, by chapter 863, Laws of 1873, title 11, section 14, as amended by chapter 457, Laws of 1881, has power to dismiss from the force a policeman who violates the rules of the department. He has also power to dismiss for conduct unbecoming an officer. The relator was charged with an unprovoked assault upon a citizen while he, the policeman, was off duty. He was tried for this offense and dismissed.

It is one of the rules that no policeman shall willfully abuse or ill-treat a citizen. (Rule 136.) The policeman is at all times subject to the rules. (Rule 145.) Both rules are necessary and proper. The policeman is to protect the public. He must not be a brawler and fighter either when on or off duty, for his efficiency depends upon a public respect for his office and a confidence in the acts and deportment of the officer. The commissioner thus had jurisdiction over the charge, and he obtained jurisdiction over the officer by his appearance, without objection, to answer the written charge. (*McCormick* v. *Penn. Cent. R. R. Co.*, 49 N.Y., 303.) The charge is sufficiently explicit. Even at common law the very words of the statute or rule need not be used. If the substance of the charge be expressed it is good pleading. These proceedings are not such as

call for the strict common-law rules either of pleading or trial. (*People ex rel. McCarthy* v. *Police Comrs. of N. Y.*, 98 N. Y., 332; *People ex rel. Flanagan* v. *Police Comrs. of N. Y.*, 93 id., 97.) The issue of fact, if the evidence be merely conflicting, does not call for a reversal for that reason. (*People ex rel. Hart* v. *Fire Comrs.*, 82 N. Y., 358.) The evidence in this case supports the conclusion of the commissioner.

Judgment affirmed, with costs.

DYKMAN, J., concurred.

Commissioner's order affirmed, with costs.