Barnard, P. J.—
By chap. 461, Laws of 1871, under which the police system of Long Island City is organized, the board of commissioners of police may remove members.
“Any member of the police force may be removed only after written charges shall have been preferred against him before the board of police, and an opportunity given him to be heard.”
The board, by the act, may make rules, and for neglect of duty by policemen or violation of the rules, may dismiss a member of the police force from the service.
The relator had notice of the charges made against him. It was a rule of the board that the policemen should not go into places where intoxicating drinks were sold, except in the immediate discharge of their duties as members of the police. The relator was sworn in his own behalf. The charges were not denied. The relator gave, as an excuse, that he had heard that a warrant had been issued for-one Malone, an Italian. The excuse is not sufficient.
*878 The relator had no warrant. No reason is apparent why an officer should go to a forbidden place to tell its inmate that if lie was sure a warrant was out he would arrest the man without a warrant.
The good faith of the excuse was for the commissioners to pass upon. It seems like a pretext to evade the penalty of disobedience of orders and neglect of duty.
The trial called for is not a common law trial. The People ex rel., etc., v. Commissioners of N. Y. City, 98 N. Y., 332. It would not furnish ground for reversal if one of the commissioners who composed the board was a witness, but no objection was taken, and even under common law rules it was no error.
The order should be affirmed, with costs.
Dykman and Pratt, JJ., concur.