450 PEOPLE ex rel. SCHABACKER v. STATE ASSESSORS.

THIRD DEPARTMENT, FEBRUARY TERM, 1888.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES C. SCHABACKER, Supervisor of the Town of Bleecker, Fulton County, and Others, Appellants, v. THE STATE ASSESSORS and ORREN HART, as Supervisor of the Town of Perth, Respondents.

*Appeal, from the equalization made by a board of supervisors, to the State board of assessors — the State board is controlled by the statutes, and the rules and regulations made by it pursuant to the authority conferred by the acts — a technical error in the admission of evidence does not invalidate its decision.*

This proceeding was instituted to review a decision of the State Assessors, sustaining an appeal taken by the supervisor of the town of Perth, from the equalization of the assessments of the county of Fulton, made by the board of supervisors of Fulton county, and directing that a sum therein named should be credited to the town. Upon the hearing of the return made to the writ of *certiorari*, it appeared that the State Assessors admitted in evidence records of deeds of conveyance of lands in the several towns of the county against the objection of the relator, and that subsequently the considerations expressed in the several deeds thus admitted, were claimed by the town of Perth to furnish some evidence as to the value of the several pieces of real estate described in them.

*Held,* that the decision of the State assessors, in admitting the evidence, was not a violation of "any rule of law, affecting the rights of the" relators, as these words are used in subdivision 3 of section 2140 of the Code of Civil Procedure, for the reason:

*First,* that in the disposition. of appeals like the one in question, the State Assessors are governed and controlled by statutory provisions, and the rules and regulations made by them in pursuance of the authority so to do conferred upon them by the said acts; and,

*Second,* that while they have not full power to render a decision of their own volition and without evidence, yet they are, to some extent, vested with a discretionary power to take action, without restricting their proceedings to strict technical rules.

*The People ex rel. Supervisors of Chenango County* v. *The Board of State Assessors* (22 Weekly Dig., 453), criticized and limited by PARKER, J.

CERTIORARI to review a decision of the State Assessors upon an appeal taken by Orren Hart, as supervisor of the town of Perth, Fulton county, from the equalization of the assessments, and the correction of the assessment-rolls of the county of Fulton, as made by the board of supervisors of the county of Fulton, for the year 1885. By order of this court, upon his application, Mr. Hart, as supervisor of the town of Perth, was admitted as a party defendant in this proceeding.

*Annibal & Murray* for the relators.

*Andrew J. Nellis* for the respondent.

PARKER, J.:

Orren Hart, as supervisor of the town of Perth, Fulton county, in the year 1885, appealed to the State assessors from the equalization of the assessments and the correction of the assessment-rolls of the county of Fulton, as made by the board of supervisors for such year. After a hearing had before the State assessors pursuant to such appeal, said assessors determined that the equalization appealed from was unjust, and directed that the sum of $366.87 be credited to the town of Perth in assessing the State and county tax for the year 1886, and that the same be levied by said board of supervisors upon the towns of the county of Fulton, in the sums set forth in the determination made and filed by them.

This is a *certiorari* to review such decision of the State Assessors. Section 2140 of the Code of Civil Procedure provides what questions involving the merits may be determined by the court upon the hearing of a return to a *certiorari*. From the statutes governing the appeal, hearing and determination from an equalization made by a board of supervisors, together with the petition and return to the writ herein, it is apparent, first, that the State Assessors had jurisdiction of the subject matter of the determination of the review; second, that the authority conferred upon the State Assessors

in relation to such subject-matter has been pursued in the mode required by law, in order to authorize the making of the determination; third, that there was competent proof of all the facts necessary to be proved in order to authorize the making of the determination; fourth, that upon all the evidence there was not such a preponderance of proof against the existence of any such facts as that the verdict of a jury affirming the existence thereof, rendered in an action in the Supreme Court, would be set aside by the court as against the weight of evidence.

The only question remaining for consideration therefore, is as to whether or not in making the determination any rule of law affecting the rights of the parties thereto, has been violated to the prejudice of the relator as provided by subdivision 3 of said section. The State Assessors admitted in evidence records of deeds of conveyance of lands in the several towns of the county against the objection of respondent, that such evidence was incompetent and improper, and subsequently the considerations expressed in the several deeds thus admitted, were claimed by the town of Perth to furnish some evidence as to the value of the several pieces of real estate described in such conveyances. It is claimed by the relator that such evidence was incompetent within the terms of the decision of the Court of Appeals in *The People ex rel. Mayor* v. *McCarthy* (102 N. Y., 630), and that the admission of the evidence was, therefore, a violation of a rule of law affecting the rights of the parties. In *The People ex rel. The Board of Supervisors of Chenango Co.* v. *The Board of State Assessors* (22 Weekly Dig., 453), it is held, that the courts are not to review the rulings of the board in admitting and rejecting evidence. I am not prepared to adopt fully the rule laid down by the court in that case. Such a rule would render a court powerless to review the arbitrary action of a board like the State Assessors in refusing to receive competent and material evidence bearing upon the issue to be determined. Carried to its fullest extent it would authorize the board to refuse arbitrarily to receive any evidence which might be offered on the part of either the appellant or the respondent; and after an examination of the decisions of the Court of Appeals, which resulted in establishing the rule which the framers of the Code of Civil Procedure incorporated in subdivision 3 of section 2140, leads me to the conclusion

PEOPLE ex rel. SCHABACKER v. STATE ASSESSORS. 453

THIRD DEPARTMENT, FEBRUARY TERM, 1888.

that a refusal to receive evidence absolutely essential to the protection of either of the parties, would constitute an erroneous ruling of law, affecting the rights of the parties within such subdivision.

While, therefore, we do not feel constrained to indorse fully the rule so broadly laid down in the case referred to, nevertheless, we are of the opinion that the decision of the State Assessors, in admitting the evidence objected to, was not in violation of that subdivision, and for the reason that, in the disposition of appeals like the one in question, the State Assessors are governed and controlled by statutory provisions, and the rules and regulations made by them in pursuance thereof; and that while they have not full power to render a decision at their own volition, and without evidence, yet they are to some extent vested with a discretionary power to take action without restricting their proceedings to strict technical rules.

Prior to the enactment of chapter 312 of the Laws of 1859, the action of a board of supervisors in equalizing assessments was final. By section 13 of that act it was provided, among other things, that any supervisor may appeal, in behalf of the town, city or ward which he represents, from such equalization to the Comptroller of the State; that the Comptroller shall hear the proofs of the parties, which may be presented *in the form of affidavit or otherwise, as he shall direct.* By chapter 351 of the Laws of 1874, it was provided that all appeals shall be heard by the State Assessors instead of the Comptroller; and that the State Assessors are vested with and shall exercise all the powers and discharge all the duties heretofore vested in or imposed upon the Comptroller. By chapter 49 of the Laws of 1876, it is provided that the State Assessors, among other things, " shall prepare rules and regulations in relation to bringing such appeals and the hearing or trial thereof, which shall be submitted to the comptroller for his approval; and when so approved shall be the forms, rules and regulations of said board of State Assessors, and be filed in the office of the Comptroller."

It seems to be apparent from the statutes thus briefly alluded to that the legislature intended to provide a convenient and summary method of review, in cases where the board of supervisors, arbitrarily, so equalized the assessments between the several towns as to produce manifest injustice. The State Assessors were designated in 1874 as the tribunal to review such equalization, probably because of their

**454** PEOPLE ex rel. SCHABACKER v. STATE ASSESSORS.

THIRD DEPARTMENT, FEBRUARY TERM, 1888.

familiarity with the subject of equalization and the assessments in the several towns and counties in the State. By a statute then in existence it was made the duty of the assessors to visit officially every county in the State at least once in two years, and they were authorized to examine supervisors, assessors and others on oath as to the values of real estate in the counties so visited. Because of the information thus acquired in the discharge of their duties they were the better fitted to speedily dispose of the questions necessarily arising on appeal from equalization made by boards of supervisors. The question presented on appeal from equalization is at best a very difficult one to dispose of. Individuals differ very widely as a rule in placing values upon real estate, especially so when the question involved is one of assessment. It seemed to be proper, therefore, to take the course adopted by the legislature in authorizing proof to be made by affidavit, or in such other form as the State Assessors might see fit to prescribe in view of the experience had by them in work of such a character. To have adopted the rule that hearings before the assessors should be governed by rules in force in trial of actions before courts, would necessarily have resulted in protracted and expensive litigation, and therefore it was provided that the assessors should make the rules and regulations governing the bringing of appeals and the hearing or trial thereof.

It is apparent from the statutes cited that in the matter of the hearing and determination of appeals from equalization made by boards of supervisors, State Assessors clearly came within the rule laid down by the Court of Appeals in the case of the *People ex rel. Flanagan* v. *The Police Commissioners of New York* (93 N. Y., 97), to wit: "They are a subordinate and an administrative tribunal * * * and not a court limited in its functions, within the provisions of the constitution. Their action must be considered, having in view the special powers conferred, and the purposes for which their organization was intended, and not confined by the application of strict legal rules which prevail in reference to trials and proceedings in courts of law."

The State Assessors having determined in their rules to receive evidence of the character of that which was objected to here, and it further appearing that there was competent proof of the facts necessary to be proven in order to make the determination outside

of the evidence thus admitted, it seems to be clear that the action of the State Assessors in making the determination sought to be reviewed must be affirmed.

The determination of the State Assessors should be affirmed with fifty dollars costs and printing disbursements.

LANDON and FISH, JJ., concurred.

Determination of the State Assessors affirmed with fifty dollars costs and disbursements.