PEOPLE *ex rel.* KEEGAN *v.* PURROY *et al.*, Fire Commissioners.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

Under Laws N. Y. 1882, c. 25, the fire commissioners of the city of New York, in the investigation of charges against the members of the fire department, are vested with powers similar to those possessed by the police commissioners in like cases. *Held*, that the action of such fire commissioners in dismissing a fireman, charged with the larceny of property from premises where he was in pursuance of his duty as fireman, would not be disturbed, where the evidence produced on the trial of the charge was conflicting, and the result declared was not palpably against the weight thereof, though exceptions taken on the trial might have been fatal if the case had been tried by a jury.

On *certiorari.*

Proceedings by the people, on the relation of Joseph Keegan, to review the action of the fire commissioners of the city of New York in dismissing the relator from the fire department..

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Alfred Steckler*, for relator.　*William L. Findley*, (*David J. Dean*, of counsel,) for respondents.

BRADY, J. On the 21st of July, 1888, the respondents removed the relator from the uniformed force of the fire department, upon the charge that he had been guilty of conduct injurious to the public welfare, and immoral, and prejudicial to the good reputation, order, and discipline of the department; and the specification was that he entered the premises of Messrs. Earl & Wilson, in East Seventeenth street, and secreted about his person, and wrongfully took therefrom, certain articles of merchandise. The defendant appeared in answer to the charge, and a trial was had according to the rules of the department, which are predicate of section 440 of the consolidation act, (Laws 1882, c. 25,) which confers powers similar to those possessed by the police commissioners. The trial was conducted in all respects with regularity, notwithstanding the numerous exceptions taken on behalf of the relator. It has been held in reference to the police commissioners that these are not common-law trials, with the incidents and common-law rights pertaining thereto, nor, strictly speaking, trials before a court. They are investigations required by the statute to furnish information to the board upon which they can act in disciplining any member of the force. *People* v. *Commissioners,* 98 N. Y. 334. In consideration of the cases bearing upon the character of the investigation, and the value of an appeal from the result declared, it was said in *People* v. *French,* 7 N. Y. St. Rep. 252, that the court of appeals had substantially settled the rule that the commissioners were statutory judges, and when they find upon conflicting evidence the finding is conclusive; and that the court is not to inquire into the merits of the decision, or the justness of the penalty imposed. It can only look far enough to see that some violation of duty or negligence was charged against the relator, and evidence given tending to establish its existence. If there be any exception to this rule, it is to be found in the case of *People* v. *Commissioners,* 93 N. Y. 97, in which the court say that the commissioners were best qualified for the examination and consideration of the evidence, and that, upon an examination of the testimony, it could not be said that the conclusion at which they arrived was without evidence to support it, or that it was against the weight of evidence. The cases cited by this court in *People* v. *French, supra,* were then considered, and it was said that, "assuming the rule to be that the facts involved in the determination are satisfactorily supported by the evidence, so that the verdict of a jury finding such facts would not be set aside as against the weight of evidence, we are unable to see how it can be claimed that the decision of the commissioners was not justified." And, further, that in considering the disposition of the case by the commissioners, it should be borne in mind that they were a subordinate tribunal, and "their action must be considered, having in view the special powers conferred, and the purposes for which their organization was intended, and not confined by the application of strict legal rules which prevail in reference to trials and proceedings in courts of law."

In view of the doctrines enunciated by these decisions, the question here is whether the evidence upon which the commissioners acted is in conflict, and, if there be a conflict, whether the result declared was so palpably against the weight of evidence that, if found by a jury, it would be set aside. It is not necessary to go into a detailed examination of the facts and circumstances which were brought before the commissioners upon the trial, and which undoubtedly influenced their judgment. It is enough to say that these facts and circumstances, accrediting the witnesses who testified to them as worthy of belief, are sufficient to justify the conclusion at which the commissioners arrived. It is true that the relator denied the charge, and that some witnesses called on his behalf apparently established an *alibi,* but which, perhaps, upon critical examination, may be regarded as so uncertain as to warrant its rejection as a substantive defense. It may be that a jury would have taken a different view of the evidence submitted from that taken by the commissioners, and it may also be that, upon such a trial, the rights of the relator would

have been better protected by the observance of the rules of the common law. But this can make no difference in the consideration of his appeal, for the reason that the commissioners are not confined to the stricter rules which must prevail in courts of justice proceeding under the beneficent rules of the common law. Very probably some of the exceptions might have been fatal in the case of a trial by jury, but in the investigation herein they are not, for the reason that the strict rules above mentioned do not prevail. The result, therefore, of the examination of these cases, is that no rule of law has been violated, and no rule of law can be invoked by which the relator can be relieved from the judgment pronounced by which he was removed from the force. It is perhaps a subject upon which judges may differ, but it is my personal judgment that, in cases where an independent charge of larceny or other crime not connected with the discharge of duty, and not committed while on duty, is made a ground of removal, the investigation should take place in the first instance before the proper criminal court. The accused would then have the advantage of a jury, and the application of the rules by which such investigations are governed, and if declared guilty could be removed, and if declared innocent should be relieved of the charge made against him, and in the mean time he could be suspended. There would be no difficulty in this proceeding, inasmuch as the commissioners, if they thought the evidence warranted it, could present the charge to the district attorney, and have it properly formulated. Here it must be said, however, that the act of the relator should be regarded as one committed in violation of his duty, inasmuch as there had been a fire on the premises from which the property was said to have been taken, at which he was present and on duty, and he went into the building soon afterwards, with a knowledge of the probable exposure of the goods resulting from the conflagration. It was his duty to protect the property, and the personal appropriation of any part of it was not only a crime, but also a violation of that duty of which the commissioners could properly take cognizance by this proceeding. It is this element which makes the case at bar differ from *People* v. *Police Com'rs*, 20 Hun, 333, in which it appeared that the charge preferred against the relator was that of perjury on a trial before the commissioners, and did not involve any breach of duty as a policeman, and was in no way connected with the discharge of any duty to be performed by him as a member of the police force. It was a crime against the commonwealth, for which he might have been prosecuted before the proper tribunal. We think for these reasons that the proceedings in this case should be affirmed, and the writ dismissed.

VAN BRUNT, P. J. I concur in the result. I am of the opinion that the respondents were entirely justified in disposing of the charge in question, without awaiting the result of a criminal trial, and that their determination was not only sustained by the evidence, but the weight of evidence accorded with their conclusion.

MACOMBER, J., concurs in result.