548   PEOPLE ex rel. VINCENT v. COMMON COUNCIL.

Third Department, May Term, 1894.                    [Vol. 77.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN VINCENT,
Appellant, v. THE COMMON COUNCIL OF THE CITY OF HUDSON and
Others, Respondents.

*Trials of policemen — errors overlooked — common council of the city of Hudson —
rules for the government of its police force — delegation to a committee of the tak-
ing of testimony upon a trial — a committee both accuser and judge — notice to the
accused.*

Proceedings by boards of police commissioners or by a common council in the
trials of policemen and other kindred officials, where the powers of such com-
missioners or boards are largely disciplinary, are not regulated by the same
degree of formality that is required upon trials of criminal charges before
ordinary tribunals of justice.  Errors and irregularities that would be fatal in
ordinary courts of justice are overlooked in such proceedings, so long as the
court can see that the substantial rights of parties accused have not been
violated, and that the requirements of the statute clothing such bodies with the
power to try municipal servants have been substantially complied with.

The common council of the city of Hudson has power to make rules and regula-
tions for the government of the police force of that city, and to try offenders
against such rules, and they may delegate the taking of testimony upon the
trial of such charges to a committee of their body.

It is a fundamental principle of law that no man or body of men can be at the
same time accuser and judge.

The police committee of the common council of the city of Hudson preferred
charges against a member of the police force upon their own motion, and then
proceeded to take testimony thereon, at which hearing the accused was present
in person, and was represented by counsel ; the committee thereafter reported
to the common council upon such charge, and their report was acted upon,
and such member of the police force, without any notice to him of a hearing
before the common council, was dismissed on the day the report was presented
to the common council.

*Held,* that such person was not given a reasonable opportunity to be heard before
the common council, and that the proceedings of the common council dismiss-
ing him from office should be reversed and set aside.

CERTIORARI issued out of the Supreme Court, and attested on the
29th day of August, 1893, directed to the common council of the
city of Hudson, and to George G. Miller, mayor of said city, and a
member thereof, Edwin C. Rowley, recorder of said city, and a
member thereof, Thomas F. Hannon, Cornelius J. Brown, Dennis
J. Cuddy, Thomas D. Doland, Jacob Wronski, John F. Brennan,
George C. Byrne, George H. Tator, Arthur Potts and Herbert
Best, aldermen of said city and members thereof, commanding them

to certify and return their proceedings in relation to the trial, conviction and removal from office of one Martin Vincent, a member of the police force of the city of Hudson.

*Mark Duntz* for the appellant.

*D. P. Collier*, for the respondents.

HERRICK, J.:

By section 4 of chapter 468 of the Laws of 1872, as amended by chapter 563 of the Laws of 1873, the common council of the city of Hudson is authorized to appoint the chief of police and policemen, not to exceed eight in number.

By section 19 of said act, as so amended, it is provided that " the chief of police and any one of the policemen may be removed by the common council on proof of charges preferred in writing of illegal, corrupt, improper conduct, neglect of duty, disobedience of orders or neglecting to comply with any rules or regulations prescribed or enacted by the common council for the government and discipline of such policemen of which he has had notice. The common council may prescribe the time, place and manner of service of the chief of police, and of each of the policemen, and make such rules and regulations for the government and discipline of such policemen as it may deem proper and expedient for the good government of the city."

Section 40 of the same act, as amended by chapter 379 of the Laws of 1876, provides as follows : " The common council may remove from office, by a vote of a majority of the members thereof, any officer appointed by the common council.   *   *   *   But nothing herein contained shall authorize the removal of any chief of police or policeman now in office except in the manner and for the causes mentioned in section 19 of this act, and no chief of police or policeman shall be removed until he shall have had notice of the charges preferred against him and a reasonable opportunity afforded him after such notice of being heard in his defense by counsel or otherwise."

The relator has been for a number of years a member of the police force of the city of Hudson.

On the 19th day of March, 1893, a burglary was committed in the

550    PEOPLE ex rel. VINCENT v. COMMON COUNCIL.

Third Department, May Term, 1894.    [Vol. 77.

city of Hudson, and it was alleged that at such time the relator was absent from his post of duty without leave.

What was known as the police committee of the common council of said city, hearing of said complaint against the relator, and having had presented to it one or more affidavits in relation thereto, preferred charges against the relator of gross neglect of duty as a police officer, of disobedience of, and want of attention to, the orders and directions of the chief of police ; specifications of such charges were attached thereto, which charges and specifications were served upon the relator.

The relator appeared before the committee, and through his counsel made various objections to the jurisdiction and authority of the committee to investigate such charges, notwithstanding which the investigation proceeded and evidence was taken. The committee made a report of their proceedings to the common council, upon the receipt of which the common council passed two resolutions, one that such report be received and placed on file and the action of said committee set forth in said report be fully indorsed and approved by the common council, and the other " that the police committee be directed to proceed with the investigation of the charges against Chief Snyder and Officers Vincent and Shepard, and report the result of such investigation at a subsequent meeting of the common council, with such recommendations as the police committee shall deem advisable."

Thereafter, on the fifth day of April, the said police committee had a hearing upon such charges, of which notice was duly given to the relator, who appeared thereat in person and by counsel.

On the twenty-ninth day of April said police committee submitted their report to the common council, with the evidence that had been taken before them, and their findings and recommendations thereon, wherein they found that the charges against the relator had been sustained, and recommended that he be dismissed from the police force, and thereupon by the vote of the common council the report of the committee was approved and adopted, and by a resolution of the common council the relator was dismissed from the police force of the city of Hudson.

The relator did not appear before the common council; neither does it appear that he was notified of any hearing by said common

PEOPLE ex rel. VINCENT v. COMMON COUNCIL.  551

Hun.]          THIRD DEPARTMENT, MAY TERM, 1894.

council, or notified or requested to be present before it upon the hearing of such charges.

Proceedings by boards of police commissioners or by a common council, in the trials of policemen and other kindred officials, where the powers of such commissioners or boards are largely disciplinary, are not regulated by the same degree of formality that is required upon trials of criminal charges before ordinary tribunals of justice. (*The People ex rel. Flanagan* v. *The Board of Police Commissioners*, 93 N. Y. 97.)

Errors and irregularities that would be fatal in ordinary courts of justice are overlooked in proceedings of this kind, so long as the court can see that the substantial rights of parties accused have not been violated, and that the requirements of the statute clothing such bodies with the power to try municipal servants have been substantially complied with.

The common council of the city of Hudson had power to make rules and regulations for the government of the police force of the city, and had power to try offenders against such rules; they could delegate the taking of testimony upon the trial of such charges to a committee of their body. (*The People ex rel. Flanagan* v. *The Board of Police Commissioners*, 93 N. Y. 97; *The People ex rel. McCarthy* v. *The Board of Police Commissioners*, 98 id. 332.)

In that respect these proceedings were not irregular. The statute heretofore cited provides that "no chief of police or policeman shall be removed until he shall have had notice of the charges preferred against him, and a reasonable opportunity afforded him, after such notice, of being heard in his defense by counsel or otherwise."

The relator had notice of the hearing before the committee and appeared thereat, and if the proceedings before such committee are to be regarded as the hearing or trial that the relator is entitled to under the statute, then it seems to me that one of the substantial rights that every person is entitled to has been infringed upon, that is, he was tried by his accusers.

It is a fundamental principle of law, as I understand it, that no man, or body of men, can be at the same time accuser and judge; the committee preferred charges upon their own motion, and then proceeded to try them. I do not think, however, that these pro-

ceedings before the committee constituted the trial contemplated by the statute; that contemplates a trial by the common council.

As I have stated, the common council undoubtedly had the power to delegate to a committee the taking of testimony in the proceedings, which could be reported to the common council, and then the hearing or trial be had thereon before the whole common council or a quorum thereof, as was done by the police commissioners in the case of *The People ex rel. Flanagan,* above cited.

Assuming that the police committee in this case, notwithstanding they had made charges, could take evidence and report the same to the common council to be passed upon by them, still I do not think the statute has been complied with.

The relator, it appears, became a member of the police force about the 1st of January, 1873, and the statute provides that no person then in office "shall be removed until he shall have had notice of the charges preferred against him, and a reasonable opportunity afforded him, after such notice, of being heard in his defense by counsel or otherwise."

Of course that hearing must be before the body that is to try him; a hearing before a committee of the common council, consisting of a portion of its members, is not the common council that is to try him, and is not a hearing before the common council.

The report of the committee, with the evidence so presented to the meeting held April twenty-ninth, was acted upon, and the relator dismissed at the same meeting; that was not giving him a reasonable opportunity to be heard.

The proceedings of the common council should, therefore, be reversed and set aside, with fifty dollars costs and disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Proceedings of the common council reversed and set aside, with fifty dollars costs and printing and other disbursements.