THE PEOPLE ex rel. MICHAEL H. THURSTON, Respondent, *v.* THE BOARD OF TOWN AUDITORS OF THE TOWN OF ELMIRA, Appellant.

It is the duty of a board of town auditors to pass specifically upon each separate item of a claim presented for audit.

An arbitrary reduction from the gross amount of a bill for various items of services, the compensation for which is regulated by statute, without passing upon and disallowing any specific item, is not an audit.

The relator presented to defendant a bill duly verified for twenty-seven days' service as commissioner of highways, specifying by date each day and the particular service or duty performed, and charging $2 per day, the statutory fee. Without allowing or disallowing any particular item in the account, the board allowed a gross sum of $34. *Held*, that this was not an auditing of the account, and that a mandamus to compel such an audit was properly awarded.

(Argued June 15, 1880; decided September 21, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special

Term directing the issuing of a writ of mandamus to the board of town auditors of the town of Elmira, Chemung county, directing them to convene and audit the account of the relator as commissioner of highways of said town. (Reported below, 20 Hun, 150.)

The facts sufficiently appear in the opinion.

*Jno. T. Davidson* for appellant. In auditing the relator's bill it was not the duty of the board to particularly specify the items allowed or disallowed. (1 R. S. 835, § 48 [5th ed.]; *People ex rel. Johnson* v. *Board of Supervisors of Del. Co.,* 45 N. Y. 196.) After the board has audited a bill a mandamus will not issue to control or correct its action. (*Ex parte Newman,* 14 Wall. 152, 169; *Carpenter* v. *Bristol,* 21 Pick. 258; Ang. & Ames on Corp. [9th ed.], § 720; *Ex parte Crane,* 5 Peters, 194; *Ex parte Bradstreet,* 7 id. 634; *Ins. Co.* v. *Wilson,* 8 id. 304; *Ex parte Many,* 14 How. [U. S.] 25; *Comm. of Patents* v. *Whitley,* 4 Wall. 522, 533–534; *Ex parte Hoyt,* 13 Peters, 279; *Life and Fire Ins. Co.* v. *Adams,* 8 id. 291; 9 id. 573; *People ex rel. Francis* v. *The Common Council of Troy,* 9 Weekly Dig. 68; *People* v. *Supervisors of New York,* 1 Hill, 362, 367; 18 Wend. 79; *Howland* v. *Eldridge,* 43 N. Y. 457; *Wilson* v. *Supervisors of Albany,* 12 Johns. 414; *Hull* v. *Supervisors of Oneida,* 19 id. 259; *People* v. *Supervisors of Dutchess,* 9 Wend. 508; *People ex rel. Johnson* v. *Board of Supervisors of Del. Co.,* 45 N. Y. 196.)

*Jno. A. Reynolds* for respondent. It was the duty of the defendant to " examine, settle and audit " all accounts chargeable to the town, and the relator was entitled to have his account and each and every item thereof so examined, settled and audited, and all items disallowed in whole or in part particularized. (*People* v. *Supervisors of Cortland,* 58 Barb. 140, 148; 30 How. 178; *People* v. *Supervisors of Delaware Co.,* 45 N. Y. 196, 206, 207.) Such action or exercise of its powers may be compelled by mandamus. (*People ex rel. Francis* v. *The Common Council of Troy,* 17 Hun, 20; *People ex rel. Thurston*

v. *Board of Town Auditors of Elmira,* 9 N. Y. Weekly Dig. 432; *People ex rel. Inman* v. *Board of Town Auditors of Westford,* 53 Barb. 555; 41 N. Y. 619; *People ex rel. Wells* v. *Board of Town Auditors of Hempstead,* 4 Hun, 94.)

Finch, J. There is but a single question in this case. If the relator's bill has been in fact audited by the town board, the mandamus awarded was improper. It it has not been so audited, it was right to command performance of that duty. The relator was commissioner of highways, and having acted in that capacity, presented his bill in proper form, and duly verified, for twenty-seven days' service, specifying by its date each day for which payment was claimed, and the particular service or duty performed. The rate of compensation is fixed by law at two dollars a day. The only open question, therefore, before the auditors was the number of days actually and necessarily spent by the relator in the performance of his duties. That fact the auditors did not ascertain. They allowed him $34 as a gross sum. In other words, without allowing or disallowing any specific item charged in the account, without deciding that any definite or particular days were not necessarily spent in the service of the town, they arbitrarily cut down the bill to suit their own notions, leaving the relator to get justice, if he could. If, in so doing, they rejected no specific day or days, but allowed them all to stand, then they violated the statute rate of compensation. But if, as they claim, they reduced the number of days as a whole without disallowing any specific one, they did not audit the account at all; they merely guessed at the result and offered a compromise. Within the range of their discretion they are sufficiently powerful. The courts may not dictate their conclusion, but may justly require that they arrive at one in a just and intelligent way, and with some reasonable respect for the possible rights of creditors. In this case the board of auditors, instead of passing on the relator's bill, and allowing or disallowing the items according to the facts and the law, assumed the right to allow what they pleased, without disputing the facts on the one hand or the law on the other. In other words, acting on a general

theory that the commissioners were costing the town too much, the auditors cut down the gross amount of the bill to their own arbitrary standard, without regard to the right or wrong of a single item presented for their judgment. It is well to regard economy, but it is better to do fair and complete justice. We have once before held that a claimant is entitled to the judgment of a board of auditors upon each item of his claim, and sustained a mandamus framed to compel the performance of such duty. (*The People ex rel. Johnson* v. *The Board of Supervisors of Delaware Co.*, 45 N. Y. 196.) We see no reason for revising that decision.

It was claimed in the answer of the board of auditors, and urged on the argument, that a proper audit of the items of the relator's bill would give him less than the gross sum already awarded. If that be so, it only strengthens our duty to require such audit. If indeed the board have awarded a gross sum larger than, upon a proper audit, the relator would have been entitled to receive, it only illustrates the evil to be remedied. It shows that the rule established is wise as well on the side of economy as of justice. The amount to be allowed has in no manner been dictated by the courts. That is the duty of the auditors. But they must perform that duty by passing specifically upon the separate charges, so that both claimants and the people may know what has been done. Their conclusion must be, not an arbitrary guess at a gross sum, but an actual audit of the several charges presented.

The order of the General Term should be affirmed with costs.

All concur.

Order affirmed.