THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN S. BURHANS AND OTHERS, SUPERVISORS, ETC., AND THE CITY OF KINGSTON, Appellants, v. THE BOARD OF SUPERVISORS OF ULSTER COUNTY, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS BEVIER, SUPERVISOR, ETC., AND THE TOWN OF MARBLETOWN, Appellants, v. THE BOARD OF SUPERVISORS OF ULSTER COUNTY, Respondent.

*Appeal by a town to the board of State assessors — 1880, chap. 80 — power of the board of supervisors to audit the costs and expenses incurred on the appeal — an audit once made cannot be revoked.*

Section 15 of chapter 312 of 1859, as amended by chapter 80 of 1880, provides that whenever an appeal taken by a town, city or ward to the board of State assessors "shall not be sustained, *the costs and expenses arising therefrom and connected therewith* shall be a charge upon the town, city or ward so appealing, which shall be audited by the board of supervisors and levied upon the taxable property of said town, city or ward."

*Held*, that as the right to audit was conferred upon the board of supervisors and not upon the court, the audit of the former was conclusive upon the latter.

That the words "costs and expenses" were not to receive the same meaning as is given to them when used in reference to actions, but that they were intended to afford an indemnity and protection against all costs and expenses, of whatever nature they might be, which might be incurred by the board in taking the appeal.

That the mode of conducting the audit, as well as the time and place and the proof to be received, were all to be determined by the board, and its action thereon could not be reviewed by the court.

That the law was not objectionable, as making the supervisors judges in their own case, in allowing them to audit the costs and expenses incurred by their directions.

The board cannot change or revoke an audit after it has been made.

CERTIORARI to the board of supervisors of Ulster county to review the action of that body in auditing certain bills and accounts presented to it.

*John J. Linson,* for the relators.

*Alton B. Parker,* for the respondents.

BOCKES, J.:

This case comes before the court on the return to a *certiorari* directed to the board of supervisors of Ulster county, in which proceedings the relators demand a review and the correcting of the action of such board in auditing the costs and expenses incurred by that body in making defense to an appeal taken by them to the State assessors under and pursuant to the Law of 1859, entitled "An act to equalize the State tax among the several counties in the State," and the amendments thereof. The return shows that the relators, in 1882, appealed to the State assessors, under the provisions of law referred to, from the decision of the board in the matter of the equalization and correction of the assessment-rolls of the several towns in the county, including those of the city of Kingston. The appeal was very sharply litigated, and great expense was incurred in its prosecution and defense. After full hearing the appeal was dismissed on the merits, and in November, 1883, the decision of the State assessors, so adjudging, was made and filed. The bills for the expenses incurred by the board, itemized and duly verified, were first presented to the assessors, and afterwards to the supervisors when in regular session for audit and due assessment, according to the provisions of law applicable to the subject. The bills so presented were examined and audited according to the ordinary and regular course of business observed by the board; and their amount, to the extent of $18,337.18, was by the board assessed and levied upon the city of Kingston, here represented by the relators, the supervisors of that city. The authority for such action is conferred by the clause of section 15 of the amendatory act of 1880 (Laws of

1880, chap. 80, p. 192), which reads as follows: "Whenever any appeal so made shall not be sustained, the costs and expenses arising therefrom and connected therewith shall be a charge upon the town, city or ward so appealing, which shall be audited by the board of supervisors and levied upon the taxable property of said town, city or ward." It is not disputed that this provision of law had application to the subject before the board for action. The appeal taken in the case was not sustained. Costs and expenses had been incurred in its defense. Now, of what did those costs and expenses consist? To be allowable under the law they should be costs and expenses arising from or out of the appeal, and connected therewith, and they were to be audited by the board. The bills therefor, duly itemized and verified, were presented for audit. It was now the duty of the board to take them up and pass upon them, item by item (*People ex rel. Thurston* v. *Town Auditors*, 82 N. Y., 80), and to allow such of them as were found right and proper to be allowed, according to the provision of the law cited, and to disallow and reject all others. Was this duty performed by the board in the due order and conduct of its business? The return to the writ gives answer in the affirmative. The bills were taken up for examination by the board in session, and, as is usual and indeed necessary when the auditing body consists of many individuals, the matter of examining the bills was referred to a committee — in this case of three members of the body — who, after considering it, reported to the board in writing, returning the itemized bills, abstracted as allowed and certified in their report, and recommending their audit according to the abstracts submitted with the report. Thereupon and in due time the report was considered in open session, and the bills were formally by resolution audited by the board to the several persons and parties, and in the amounts specified in the abstracts. It must be presumed that the board was conversant with the bills and with the items there given, and gave approval of them intentionally and understandingly. We are, therefore, of the opinion that such auditing of the bills was regular and orderly in every respect, and we are also of the opinion that such audit by the board is conclusive upon the court in this proceeding. The right to audit was conferred by law on the board of supervisors, not on the court.

It was for that body to determine the right and justice of the claims which went to make up the sum to be allowed for costs and expenses. It was for that body to determine, in its discretion and judgment, whether the items set forth in the bills were " costs and expenses arising therefrom " (from the appeal) " and connected therewith," and whether they were actually incurred and were right and proper to be allowed in view of the law and the circumstances of the case. There was no principle of allowance or of disallowance applicable to the case that was violated by the audit in so far as we can see. We cannot fix upon any item that was allowed which we can adjudge not to have been within the purview of the law — a law of most general and comprehensive scope, reaching and intended to reach and embrace all costs and expenses growing out of the appeal and its defense.

It is urged that the terms " costs and expenses " employed in the law are synonymous with costs and disbursements in an action, and that such construction should be given them. We conclude otherwise. We are of the opinion that they should be construed with reference to the context and subject-matter to which they are intended to apply. We may the better get at the meaning of these words as here used by the inquiry, what has the appeal cost the board and what were the expenses incurred in defending against it? The law was intended, as we think, to afford an indemnity and protection against this cost and those expenses, of whatever nature they might be, so be it, that they arose out of or from and were connected with the appeal, and were actually incurred and were fair and just in amount, and with a view to determine these questions the bills of such costs and expenses were to be audited by the board of supervisors. Thus the board was to exercise its judgment and discretion in allowing or disallowing items and their amounts the same as in any case of bills to be audited by it, where no specific amount is declared or fixed by law to control the audit. The court cannot overlook such audit. As before stated, the authority to audit in such case is conferred upon the board of supervisors, not upon the court.

It is suggested that the relators were denied a hearing before the supervisors on the matter of the audit. The application by the relators was for delay. The board, however, by vote proceeded to

determine the matter. It does not appear that proof was offered to impeach the bills and rejected. What was asked for was further time to examine the bills, and the return states that the application was not regarded to have been made in good faith. But a complete answer to this subject of objection by the relators is that the mode of conducting the audit was in the discretion of the board as well as to time and place as also to the proof to be received by way of aid in the matter. These questions were all to be determined by the vote of the board, which vote must be conclusive as to any objection to such action which can be. here urged. It may be remarked here that any attempted change or revocation of the audit after it had been made and declared by resolution would be wholly unavailing. It was held in *The People ex rel. Thomson* v. *Supervisors of Schenectady* (35 Barb., 408) upon the strength of many decisions that inferior jurisdictions, such as boards of supervisors, which derive their powers from the statute, have not the authority to reconsider, to review, reverse and annul their own judicial action when it has once been legally exercised.

It is further urged that the law is of no effect and void, because it makes, as is alleged, the supervisors, in the auditing of the bills for costs and expenses, judges in their own case. This point of objection is without force. The supervisors were not acting in a matter personal to themselves in making the audit. It was never so considered, nor is it so in point of fact. From time immemorial, almost, the board of supervisors have been invested by law with the power to audit accounts and claims against the county. The only personal interest they have in such cases is because of their being taxpayers. This interest is too remote to bring them within the objection that they are acting as judges in their own cause in auditing such bills and accounts. There are not, as we think, any other subjects brought to our notice by the relators requiring particular comment, and it follows, from the conclusions above reached, that the writ or *certiorari*, and proceedings thereon, should be dismissed, with fifty dollars costs and disbursements against the relators, under section 2143 of the Code of Civil Procedure.

LEARNED, P. J., and BOARDMAN, J., concurred.

*Certiorari* dismissed, with fifty dollars costs and disbursements in each case.