Per Curiam.
The relator asks for a reargument in this case, chiefly upon the ground that this court in its decision recently handed down overlooked the fact stated in the petition and not denied in the return that defendants, in passing on his accounts, declined to receive and consider evidence offered by him, and also failed to pass upon each item separately, citing People ex rel. Bliss v. The Board of Supervisors of Cortland County, 39 St Rep., 313. We agree with the doctrine stated by the learned justice who wrote the opinion in that case that a “ claimant whose rights are being adjudicated may demand that his claim shall not be adversely determined without an opportunity to be heard, to produce witnesses and to cross-examine witnesses produced against him.” But it can hardly be claimed that the supervisors are bound to receive all evidence that any claimant may choose to offer. The supervisors are not compelled to receive evidence in regard to an account presented to them when such evidence could not affect their decision. The supervisors must have a reasonable discretion as to the reception of evidence affecting claims presented to them.
The relator insists that the allegation in his petition that the supervisors took no evidence in regard to his claim and refused to receive evidence offered by him is not denied and must, therefore, be deemed to be true. We think in this statement he is mistaken. While there is no technical denial of the statement above referred to in the return of the defendant, it does contain a substantial denial of such allegation.
The statement referred to in the petition is as follows: “And that said committee and board took no evidence in regard to the matters, accounts or items reduced or rejected, and declined to take and hear evidence offered to be produced and submitted to them by petitioner in regard to the same.” It will be seen that the petition does not state what evidence was offered or show that the same was material, or that it would be likely to change the result
But the return denies “that said board, or any committee thereof, acted arbitrarily and without evidence in auditing or rejecting the relator’s accounts, or any part or item thereof, but on the contrary intended to and did act with fairness to relator, and invited him to assist the sheriff’s committee of said board by presenting evidence and law that the said committee and *5 board might understandingly, intelligently and fairly pass upon and audit said relator’s accounts, and that when said board or sheriff’s committee thereof reduced the relator’s account for boarding prisoners, that they did so only to the amount and rate of sixty cents per day for each day’s board actually had, the said relator having charged for a longer period than board was furnished by the relator, and said relator so admitted and stated to the sheriff’s committee and while auditing said accounts.” The return further-states the admission so made by the relator while his accounts', were being audited, and which admissions were acted upon by the board, and states that “said board of supervisors in auditing; the relator’s accounts allowed the relator for board actually furnished as near as they could do so from all the information furnished them by the relator or his accounts, and upon such statement or admission said reduction was made.” The affidavit of Tierney, which was made a part of the return, states that the. board allowed relator at the rate of sixty cents per day for each day’s board actually had, and that the deductions made by the board of supervisors from the amount charged by the relator were made upon his statement and admission.
The affidavit of Tierney was treated on the argument as a part of the return, and the return is to be taken as conclusive as to the facts. People ex rel. Sims v. The Fire Commissioners, 73 N. Y., 437.
It will thus be seen that the return denies that the account in question was passed upon by the board of supervisors without evidence being tahen. It shows that when the defendants acted upon the claim relator was present. He was invited to assist the sheriff’s committee of said board by presenting evidence of law, that the committee and board might understandingly, intelligently and fairly pass upon and audit his accounts. The return further-shows that he was allowed at the rate fixed by a former board of supervisors for the maintenance of each prisoner, and that the-amount allowed was determined by the statement and admission of the relator himself We fail to see, the relator’s own statement being acted upon by the supervisors, why any other evidence was-required. This evidence should be satisfactory to him, and the board having determined to act on his admission required no. other evidence.
The return sufficiently shows that the supervisors, as a board’, in auditing the account in question acted upon the admission-made by relator. The return states that said board of supervisors in auditing the account “ allowed the relator for board actually furnished as near as they could do so from all the information furnished them by the relator or his accounts, and upon such statement and admission said reduction was made."
The return also shows that the board passed upon the several items of the claim in question. The affidavit of Tierney, which, as we have seen, is to be deemed a part of the return, states, “ when said sheriff’s committee reduced the said account for boarding-prisoners that it did so only to the amount and at the rate of sixty cents per day for each day's board actually had, the said sheriff *6 having charged for a longer period than the actual time that hoard was furnished by the said sheriff, and said relator so admitted and stated to the sheriff’s committee.” The affidavit further states “ that said sheriff’s committee * * * allowed the relator for board actually furnished as near as said committee could do so from all the information furnished them by the relator or his accounts and upon his statement and admission said reduction was made.”
It will thus be seen that the supervisors return that they allowed him at the rate of sixty cents per day for each day's hoard actually had. Without quoting further from the return we think ■that it sufficiently appears therefrom that the supervisors passed upon items of the relator’s claim. As stated in the memorandum handed down when this case was decided, the return of the supervisors seems to dispose of the objections to the action of the board in relation to the claim in question.
We think the motion should be denied, but are of the opinion that the order should be modified so that an appeal may be taken, if desired, to the court of appeals.
Motion for reargument denied and order modified as suggested, without costs to either party.
Mayham, P. J., Putnam and Herrick, JJ., concur.