THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL E. SUT-
LIFF v. THE BOARD OF SUPERVISORS OF THE COUNTY OF FULTON,
Respondent.

*Reversal of the determination of a board of supervisors — audit of a claim by items
— proper mode of considering a claim.*

Although the court may review the action of a board of supervisors in extreme
cases, in improperly receiving or rejecting evidence offered on the audit of a
claim against the county, yet, ordinarily, an error of the board of supervisors,
or its committee, in receiving incompetent evidence, will not cause a reversal
of its determination.

The court can examine the evidence taken before the board, and set aside its
determination in the same cases that a court can set aside the verdict of a jury
as against the preponderance of evidence.

The allowance by a board of supervisors of a gross sum on a bill, instead of pass-
ing on the items thereof, is not a proper audit thereof, and justifies a reversal
by the court of the determination of the board of supervisors.

Two bills were presented to a board of supervisors for audit, and a committee
was appointed, of the proceedings of which the claimant had reasonable notice,
and had an opportunity with his counsel to examine and cross-examine wit-
nesses, and at the end of the examination stated that he had no other witnesses
to examine, and his counsel was allowed to discuss the case before the
committee.

*Held,* that the claims were properly considered;

That it was discretionary with the board whether the counsel for the claimant
should be allowed to make an argument before the full board of supervisors,
or whether the stenographer's minutes taken by the committee should be written
out for the use of the board;

That the fact that some of the members of the board had gone out from time to
time during the reading of the testimony taken before the committee, would
not compel a court to set aside the finding of the board.

CERTIORARI issued out of the Supreme Court pursuant to an order
made at the Montgomery Special Term on the 23d day of May,
1890, to review the action and proceedings of the board of super-
visors of the county of Fulton in auditing two bills of the relator as
the former sheriff of the county of Fulton.

*Andrew J. Nellis* and *John M. Carroll,* for the relator.

*N. H. Anibal,* and *J. A. Dennison,* for the respondent.

PUTNAM, J.:

This is a certiorari brought to review the proceedings of the board of supervisors of the county of Fulton in auditing two bills of relator as late sheriff of said county.

Bill No. 1, a copy of which is set out in the return, consists of 1,287 items, and at the end thereof is the following recapitulation:

"FULTON COUNTY,

"To DANIEL E. SUTLIFF, Dr.

| | |
|---|---|
| "For board of prisoners, per schedule No. 1, 12,490 days, 1,784 2-7 weeks, at $3.50 per week ....... | $6, 245 00 |
| "For tub fees, emptying tubs for prisoners, per schedule No. 1, 1,784 2-7 weeks, at 75 cents per week ................................... | 1, 338 21 |
| "For washing for prisoners, per schedule No. 1, 1,784 2-7 weeks, at 75 cents per week .......... | 1, 338 21 |
| "For 2,577 turnkey's fees, per schedule No. 1, at 37 1-2 cents ............................... | 966 37 |
| ",Total amount of schedule No. 1............ | $9, 887 79 " |

Bill No. 2 contains charges for taking prisoners to court, arrests, services, expenses, etc., and has at the end thereof the following recapitulation:

"FULTON COUNTY,

"To DANIEL E. SUTLIFF, Dr.

| | |
|---|---|
| "For taking prisoners to court, schedule No. 2...... | $8 96 |
| "For criminal arrests, schedule No. 2............. | 75 65 |
| "For services, expenses, etc., schedule No. 2....... | 346 58 |
| "Total.................................. | $431 19 " |

Both bills were properly verified and were duly presented to the supervisors for audit. The board appointed a committee before whom the parties and their witnesses appeared, and a large amount of testimony was taken. At the end of the hearing the committee reported, recommending the passage of the following resolutions:

"*Resolved*, That the bill or claim of Daniel E. Sutliff, as Sheriff of Fulton county, from Nov. 1, 1888, to Sept. 1, 1889, for $9,887.79, be audited and allowed at $1,809.02.

" *Resolved*, That the bill of Daniel E. Sutliff, as Sheriff of Fulton county, called schedule No. 2, for $431.19, be audited and allowed at $301.06."

The report was adopted by the board.

It is urged on the part of appellant that the supervisors erred in receiving incompetent evidence, in refusing to strike out evidence taken in the absence of relator and his counsel, in refusing to allow relator to address the board, in allowing testimony taken before the committee to be read to the board in the absence of some of its members and in other regards.

We are of opinion, however, that no such error was committed in the regard above mentioned as requires a reversal of the determination of the supervisors.

On the bills being presented the board appointed a committee. Relator seems to have had a reasonable notice of the proceedings and to have had an opportunity, with his counsel, to examine and cross-examine witnesses, and at the end of the examination stated that he had no other witnesses to examine. Counsel for relator was allowed to discuss the case before the committee at length. Whether he should be allowed to make an argument before the full board, or whether the stenographer's minutes taken by the committee should be written out for the use of the board or not, was a matter within the discretion of the supervisors. And if some of the members went out from time to time during the reading of the testimony taken before the committee, which reading lasted seven days, we are of opinion that this fact would not compel us to set aside the finding. (See *People ex rel. Gilhooly* v. *Commissioners*, 23 Hun, 351.)

Although the court may review the action of supervisors in extreme cases in improperly receiving or rejecting evidence offered on the audit of a claim against the county (see *People ex rel. Schabacker* v. *State Assessors*, 47 Hun, 450), yet, ordinarily, an error of the board of supervisors or its committee in receiving incompetent evidence will not cause a reversal of its determination. (*People ex rel. Board of Supervisors of Chenango Co.* v. *Board of State Assessors*, 22 Wkly. Dig. 453; *People ex rel. Mizner* v. *Hair*, 29 Hun, 125; *People ex rel. Walkill Valley R. R. Co.* v. *Keator*, 17 Abb. N. C. 369.)

In the last case the learned judge delivering the opinion of the court says : " Now this is a special proceeding, a proceeding author-ized to be taken under a special statute ; it is not an action or pro-ceeding to be conducted according to the strict rules of the common law, either in the admission of evidence or otherwise. It is like the case of *People ex rel. Flanagan* v. *Police Commrs. of N. Y.* (93 N. Y. 97). As there said in regard to that case, having in view the special powers conferred and the purpose to be attained by the proceeding, it is not to be limited or trammeled by an application of strict legal rules which prevail on trials and proceedings in courts of law." Doctrines stated by the court in that case are applicable to this case. (See, also, *People ex rel. McCarthy* v. *Board of Commrs. of Police,* 98 N. Y. 332–334.)

We are, hence, of opinion that none of the objections to the pro-ceedings of the supervisors above considered should cause a reversal of the decision made.

It is also urged by the appellant that, upon the evidence given in the case, relator was clearly entitled to the allowance of his bill or the greater part thereof, and that defendants had no right to reduce the same as they did. It is true that, under the provisions of sub-division 5, section 2140, Code of Civil Procedure, the court can examine the evidence and set aside the determination of the board in the same cases that a court could set aside the verdict of a jury as against the preponderance of evidence. (*People ex rel. McAleer* v. *French,* 119 N. Y. 502.)

But in this case it would be somewhat embarrassing for the court to undertake the examination of the very voluminous evidence given, with the view of deciding which items of the relator's bill are sup-ported by the testimony, for the reason that it does not appear from the return of the supervisors, or by their decision, what items of relator's claim were allowed and which were disallowed. The return shows a very long account presented by the relator, consist-ing of two claims, one of $9,887.79 and the other of $431.19. The first bill was allowed at the sum of $1,809.02 and the other at $301.06. It is impossible to say from the return of the board what items were allowed and what were disallowed.

A very large amount of testimony has been taken in this case, and the parties have necessarily incurred great expense, and we should

much prefer to reach a conclusion sustaining the findings of the supervisors. But we think that they failed to discharge their duty in failing to pass upon the items of relator's claim. They failed to audit the bill properly, and, hence, within the provisions of subdivision 3, section 2140 of the Code of Civil Procedure, their determination should be set aside. That the allowance by the supervisors of a gross sum on relator's bill, instead of passing on the items thereof, was not a proper audit is well settled. In *People ex rel. Thurston* v. *Board of Auditors* (20 Hun, 150) the question was passed upon by this General Term, and in the opinion the following language is used : "But, in order to a proper and legal audit of the account, the board must examine the bill in detail and allow or disallow the various items. It would be no proper or just audit of an account made up of numerous items to allow a gross sum instead of considering and passing upon the items. This was held in *The People ex rel. Johnson* v. *The Board of Supervisors of Delaware Co.* (45 N. Y. 196). * * * This precise question was decided in the case last cited. A legal and proper auditing of an account requires an examination of the items of which it is composed, and the allowance or disallowance of them accordingly as they shall be found correctly or incorrectly charged both in fact and law."

The above case was affirmed by the Court of Appeals (82 N. Y. 80). The result is that defendants have failed to pass upon relator's claim. They must pass upon the items, and should so discharge their duty in that regard that the relator will be able to know which items were allowed and which disallowed. It may not be necessary for the board in their decision to pass on each item of relator's bill separately. For instance, if they should disallow all "turnkey's" fees and all "tub" fees, it would be sufficient to so declare without specifying each item. If they should allow the number of weeks' board claimed, but reduce the price, it would be sufficient to merely state the price per week allowed. But in some way the board should pass on and allow or disallow the items of relator's bill, and in such a way that it may be known what the determination in fact was as to each item. This may cause much trouble, but it seems necessary under the statute and decisions.

In *People ex rel. White* v. *The Supervisors of Clinton County* (48 N. Y. St. Repr. 3), where relator had charged a large number

of days' board of prisoners at a sum stated, we held that one finding of the supervisors, fixing the price of board at sixty cents, applied to a large number of items, was sufficient; that in fact the supervisors passed on the items of relator's bill. In this case, as above suggested, the board of supervisors may be able to pass on many items in the bill in question in one finding, but in any event it must audit the items of the bill.

On such an audit, if the relator is dissatisfied, the items allowed and disallowed being known, the evidence can be examined, if necessary, to determine whether the finding of the supervisors is supported or unsupported thereby.

The determination of the board of supervisors should be reversed, with fifty dollars costs and disbursements to the relator.

MAYHAM, P. J., concurred.

HERRICK, J.:

It seems to me that for many of the items in the relator's account there is no fee or compensation allowed by law, and that for such he is not entitled to recover under section 3280, Code of Civil Procedure.

The board should also determine what the actual expense has been to the relator in providing the prisoners in his care with food pursuant to the statute. (See 2 Birdseye Stat. 2301; Laws of 1847, chap. 460, tit. 1, art. 1, § 8.)

Order reversed, with fifty dollars costs and printing and other disbursements.