PEOPLE ex rel. PECK v. TOWN BOARD OF THE TOWN OF SALINA.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1898.)

1. PEREMPTORY MANDAMUS—AFFIDAVITS—CONCLUSIVENESS.
   Where a relator demands a peremptory writ in applying for mandamus, answering affidavits are conclusive of disputed questions of fact.

2. SAME—WHEN GRANTED.
   Mandamus will not lie to compel a town board to audit a duplicate of an account which had been presented and acted on before, or to review its determination thereon.

Appeal from special term, Onondaga county.

Application by the people, on the relation of Louis K. Peck, for a writ of mandamus directing the town board of Salina to audit an account of the relator. From an order denying the writ, plaintiff appeals. Affirmed.

On the 15th of February, 1897, an order to show cause was granted "why a peremptory writ of mandamus should not issue under the seal of this court, directed to the town board, and requiring said town board to audit relator's account according to law, at the full amount thereof, to wit, $275." Upon the

motion the affidavit of the relator was read; also the affidavit of his attorney. Each of said affidavits contains a copy of the account presented to the town board. The affidavit of George Baxter, supervisor of the town, was read in opposition; and also the affidavit of Willis Gleason, a justice of the peace and a member of the board of town auditors.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Daniel F. Salmon, for appellant.

Frank Hiscock, for respondent.

HARDIN, P. J. Appellant sought a peremptory mandamus directing the defendant to audit his account. In the answering affidavits it is stated that an account was presented to the town board in the fall of 1894, and was considered by the board, and an allowance made for the relator's services in attending the family of Mrs. Meyers, and that that allowance was paid. It further appears by the affidavits that an account for services in fumigating the Van Antwerp house, $25, was presented to the board, and in that account were other items which the relator seeks to have allowed him for services for the Van Antwerp family. The town board allowed $20 for fumigating the Van Antwerp house, and it is admitted that the supervisor requested the relator to fumigate the house, and therefore the allowance was made by the town board, that fact being admitted at the time the account was examined by the town board. The other portions of the relator's account were rejected and disallowed by the town board at its session in 1894. A duplicate of that account was presented to the town board in 1896, and the account was rejected, apparently upon the grounds, first, that the previous action of the town board stood unreversed and was binding upon the parties. As to the other portions of the relator's account, it is averred in the affidavits opposing the motion that there was never any contract authorizing the services or the expenditures made by the relator in attending the Van Antwerp family. In Haebler v. Produce Exch., 149 N. Y. 418, 44 N. E. 88, it was said:

"Where, upon a motion for a mandamus, opposing affidavits are read which are in conflict with the averments in the moving affidavits, and notwithstanding this the relator demands a peremptory writ, it is equivalent to a demurrer, and, as to any disputed question of fact, the answering affidavits are conclusive, and must be regarded as true."

Supervisor Baxter states in his affidavit, viz.:

"That the board of health of the town of Salina did not authorize deponent to employ any physician to care for the Van Antwerp family, as they were informed that they were financially able to care for themselves, and deponent never requested Louis K. Peck or any other physician to render medical services for said Van Antwerp family, and never agreed that deponent or the town of Salina would compensate him for medical services which he might render in the future, or which he had already rendered to said Van Antwerp family."

That affidavit also states that on the 15th of June, 1894, the relator stated to the supervisor that Van Antwerp had employed him, said Peck. The affidavit also states that the account which was presented to the town board in November, 1896, in behalf of the relator, "was a duplicate of the one presented and acted upon by said board in 1894,"

and that no objection was made to the form of the audit, or the certificates thereof made in reference thereto, as to the bill of 1894. The affidavit also states that the board of town auditors "declined to pass upon said bill on the ground that it had already been audited by said board." In the affidavit of Gleason the statements made by Baxter are corroborated to a considerable extent, and, after stating that $20 was allowed for fumigating the Van Antwerp house, it is stated, viz.:

"That the remainder of the bill was not allowed because it related to medical services rendered said Van Antwerp family, and which services were not authorized to be rendered by the supervisor of said town, or any officer thereof, or the board of health thereof, and because said bill could not legally be acted upon as to the items for medical services, because said bill could not legally be acted upon as to the items for medical services because not duly itemized; * * * that the said board declined to consider said bill because it had already acted thereon in 1894, and no proceedings had been regularly taken to correct or modify said audit."

In section 180 of the town law (1 Rev. St. [9th Ed.] p. 774) there is an enumeration of town charges, and the affidavits of the relator do not present a case within the enumeration of the charges mentioned in that section, if full force is given to the affidavits read in behalf of the defendant. In People v. Board of Sup'rs of Delaware Co., 45 N. Y. 196, it was said that where a board of supervisors has once considered a claim, and audited and allowed it at a certain amount, a mandamus cannot issue to compel it to audit it anew and allow it at a greater amount. In People v. Barnes, 114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739, it was held, viz.:

"The term 'audit,' as applied to the action of a board of town auditors, means to hear and examine. It includes both the adjustment or allowance, or the disallowance or rejection, of an account. As a general rule, no claim against a town is obligatory upon or enforceable against it until it has been audited and allowed by said board. Its jurisdiction over such claims is not only original, but its decision is conclusive until reversed or modified by another court in the manner prescribed by law, i. e. in proceedings by certiorari. In proceedings by mandamus, instituted by a commissioner of highways, to compel the board of town auditors to audit certain claims against the town for costs awarded against the relator and paid by him in actions brought by him, * * * held, that the former adjudications were conclusive, and that until reversed they formed a bar to a reauditing of the bills and to the application for a mandamus to compel it."

It was further held:

"In determining as to the liability of the town the board acts judicially, and its action cannot be reviewed or controlled by the courts through a writ of mandamus."

The doctrine of that case was referred to and followed in People v. Board of Town Auditors, 85 Hun, 114, 32 N. Y. Supp. 668, and it was held in that case:

"The jurisdiction of a board of town auditors over claims is not only original, but its decision is conclusive until reversed or modified by another court in proceedings by certiorari, and, where a board of town auditors has passed upon, disallowed, and rejected, as against a town, a claim presented to it (which is not an absolute statutory liability), its determination cannot be reviewed by mandamus."

In People v. Schieren, 89 Hun, 220, 35 N. Y. Supp. 64, it was held that:

"Courts will not command an inferior tribunal or a ministerial officer to decide a question in a particular manner when the duties which are required to be

performed are in their nature judicial. All acts which depend upon the decision of a question of law or the ascertainment and determination of a fact are judicial. A subordinate body can be directed to act, but cannot be directed to act in a particular manner, in a matter as to which it has the right to exercise its judgment."

Inasmuch as there was no stipulated sum agreed upon for the services of the relator in fumigating the Van Antwerp house, the town board, in examining the claim, had a right to exercise its judgment as to the value of the services rendered in that regard; and having exercised their judgment, and cut the claim down from $25 to $20, and made a certificate for that amount, their action is controlling. In People v. Supervisors of Herkimer Co., 3 How. Prac. (N. S.) 242, it was said:

"Where, as in this case, the board might have required a more detailed statement of the expenditures than was given in the account as presented, yet where, instead of rejecting the claim, as they might have done, they proceeded to act upon it and investigate it, and to a certain extent allowed it, their action will not be interfered with by mandamus."

We think the action of the town board in 1896, in refusing to allow the duplicate claim made by the relator, ought not to be disturbed, and that the special term was warranted in refusing the alternative or peremptory writ of mandamus asked for. Order affirmed, with costs. All concur.