(83 App. Div. 51.)

### PEOPLE ex rel. DRUMMOND et al. v. BOARD OF SUP'RS OF WESTCHESTER COUNTY.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. COUNTIES—BOARD OF SUPERVISORS—AUDITING CLAIMS—ITEMIZING JUDGMENT.
   Where relators were employed by the district attorney as detectives to investigate certain crimes alleged to have been committed in the county, they were entitled to the judgment of the board of supervisors, in auditing their claim for services, on each item thereof, and an allowance of a less sum than the amount claimed, without specifying the items rejected, is insufficient.

Certiorari by the people of the state of New York, on the relation of Andrew L. Drummond and Lewis E. Drummond, against the board of supervisors of the county of Westchester, to review the action of said board in auditing relators' bills for detective services. Determination of board reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William F. Goldbeck (Wm. C. Diamond, on the brief), for relators.
William C. Mains, for defendant.

GOODRICH, P. J. The relators, who were engaged in business as private detectives, were employed in March, 1901, by Mr. Andrews,

the district attorney of the county of Westchester, to investigate two crimes alleged to have been committed in that county. They were to be paid $10 per day for the services of Andrew L. Drummond, as general manager, and $7 per day for each operative employed by them in the matter, together with expenses and disbursements. The relators' services extended over a considerable period, and they presented two separate bills to the district attorney, who examined and approved them, whereupon the bills, itemized and verified, were presented to the board in November for audit and payment. The first bill was for services in the Thorpy murder case, amounting to $1,698.34, and the second in the Donohue scandal case, amounting to $530.88. After examination and report of a committee, the board audited and allowed the Thorpy bill at $1,035, and the Donohue bill at $250, without specifying what items were disallowed. Thereupon the relators protested, and the board reconsidered its action, and, after another examination by its committee, confirmed its former action. The relators now ask that the determination of the board may be reversed, and the claims sent back for audit at the full amount.

It is contended by the relators that section 2138 of the Code of Civil Procedure provides that the cause must be heard by this court on the writ and return and the papers upon which the writ was granted, and that certain affidavits of the members of the committee do not form part of the return and should not be considered. It is true that these affidavits are not in the body of the return, but were annexed thereto. The return states that there are no minutes of the hearing or investigation in existence, and that the affidavits are annexed in lieu thereof. The relators moved before Mr. Justice Gaynor at Special Term to strike the affidavits from the return, and the motion was denied. It is stipulated by the parties that the relators by not appealing from that order shall not be deemed to have waived their objection to such affidavits. This, however, is not material to our decision, because there is no doubt that the action of the board of supervisors was not in accordance with authority. The relators were entitled to the judgment of the board, not in gross, but upon each item of their claim.

The language of the court in People v. Board of Auditors of Elmira, 82 N. Y. 80, is peculiarly apposite and conclusive (pages 82, 83):

"In other words, without allowing or disallowing any specific item charged in the account, without deciding that any definite or particular days were not necessarily spent in the service of the town, they arbitrarily cut down the bill to suit their own notions, leaving the relator to get justice if he could. If, in so doing, they rejected no specific day or days, but allowed them all to stand, then they violated the statute rate of compensation. But if, as they claim, they reduced the number of days as a whole without disallowing any specific one, they did not audit the account at all; they merely guessed at the result, and offered a compromise. Within the range of their discretion, they are sufficiently powerful. The courts may not dictate their conclusion, but may justly require that they arrive at one in a just and intelligent way, and with some reasonable respect for the possible rights of creditors. In this case the board of auditors, instead of passing on the relator's bill, and allowing or disallowing the items according to the facts and the law, assumed the right to allow what they pleased, without disputing the facts on the one hand or the law on the other. In other words, acting on a general theory that the commissioners were costing the town too much, the auditors cut down the gross amount of the bill to their own arbitrary stand-

ard, without regard to the right or wrong of a single item presented for their judgment. It is well to regard economy, but it is better to do fair and complete justice. We have once before held that a claimant is entitled to the judgment of a board of auditors upon each item of his claim, and sustained a mandamus framed to compel the performance of such duty. The People ex rel. Johnson v. The Board of Supervisors of Delaware Co., 45 N. Y. 196. We see no reason for revising that decision."

The determination of the board must be reversed, with $10 costs and disbursements, and the claims sent back for audit of the two bills, by allowing or disallowing the several items. All concur.