In the Matter of the Judicial Settlement of the Account of the Proceedings of HERBERT J. BICKFORD, as Successor Trustee under the Will of ROMANZO W. MONTGOMERY, Deceased, of the Trust Thereby Created for the Benefit of LEITA MONTGOMERY WHITE. MOSES H. GROSSMAN, Appellant; EVELYN SPALDING CONVERSE, Respondent.— Order of the Surrogate's Court of Westchester county directing an examination and inspection affirmed, with fifty dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of HENRIETTA MOTHNER, Respondent, v. STANLEY MOTHNER, Appellant.— Order of the Domestic Relations Court of the City of New York, Family Court, requiring the appellant to contribute two dollars a week toward the support of the petitioner reversed on the law and the facts and the petition dismissed. In this proceeding, under section 101, subdivision 4, and section 92, subdivisions (9) and (3), of the Domestic Relations Court Act of the City of New York (the Family Court), it does not appear that the petitioner, who concededly had at the time of the trial and for several months prior thereto an income of at least fourteen dollars per week and who is entitled to interest at the rate of six per cent per annum on real estate mortgages aggregating $11,000, is without means for her support and is likely to become a charge on the public. Further, it affirmatively appears to the satisfaction of this court that the appellant, by reason of sickness and inability to work, is financially unable to contribute to the support of the petitioner. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. GRIEME, Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.— Order denying peremptory mandamus order reversed on the law and not in the exercise of discretion, with costs, and the motion granted with ten dollars costs, to the extent of requiring the comptroller to audit each item as to its reasonableness and to pay the petitioner the amount of the voucher as audited, in accordance with the direction herewith. The judge presiding at the term at which the conviction took place is the one in whom is reposed the discretion to determine by what means the minutes and other data shall be transmitted by him to the Governor, pursuant to section 493 of the Code of Criminal Procedure. This includes determining whether one or more shall carry out that transmission. The comptroller, as auditing officer, may not review that exercise of discretion. The comptroller may only pass upon the reasonableness of the items of disbursement in transmitting the minutes in the manner directed by the judge. (*People ex rel. McLennan v. Grout*, 38 Misc. 181; *People ex rel. Thurston* v. *Auditors*, 20 Hun, 150; affd., 82 N. Y. 80; *People ex rel. Everett* v. *Bd. Supervisors*, 93 id. 397, 404.) Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.